[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 446.]

THE STATE EX REL. BRANTLEY, APPELLANT, V. ANDERSON, WARDEN, APPELLEE.

[Cite as *State ex rel. Brantley v. Anderson*, 1997-Ohio-11.]

*Habeas corpus—Appeal is proper remedy for alleged violations of speedy trial right.*

(No. 96-1725--Submitted January 7, 1997--Decided February 19, 1997.)

Appeal from the Court of Appeals for Richland County, No. 96 CA 49.

———————————

{¶ 1} Appellant, Reverend Gregory Brantley, filed a petition for a writ of habeas corpus in the Court of Appeals for Richland County, alleging that he was being unlawfully restrained of his liberty by appellee, Carl Anderson, Warden of Mansfield Correctional Institute. Brantley asserted that his sentencing court lacked jurisdiction to try and convict him because it violated his right to a speedy trial. The court of appeals dismissed the petition.

{¶ 2} The cause is now before this court upon an appeal as of right.

———————————

*Rev. Gregory Brantley*, *pro se*.

*Betty D. Montgomery*, Attorney General, and *Donald Gary Keyser*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

{¶ 3} The court of appeals correctly determined that an appeal rather than the extraordinary writ of habeas corpus is the appropriate remedy when challenging claimed violations of an accused's right to a speedy trial. *State ex rel. Dotson v. Rogers* (1993), 66 Ohio St.3d 25, 607 N.E.2d 453; *Russell v. Tate* (1992), 64 Ohio St.3d 444, 444-445, 596 N.E.2d 1039, 1040.

**{¶ 4}** In addition, Brantley's petition was subject to dismissal because he failed to attach a copy of his alleged commitment.  R.C. 2725.04(D); *Adkins v. McFaul* (1996), 76 Ohio St.3d 350, 353, 667 N.E.2d 1171, 1174.

**{¶ 5}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————