[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 593.]

BROWN, APPELLANT, *v*. LEONARD, WARDEN, APPELLEE.

[Cite as *Brown v. Leonard*, 1999-Ohio-214.]

*Habeas corpus sought to effect relator's immediate release from prison—Dismissal of petition affirmed.*

(No. 99-916—Submitted August 25, 1999—Decided September 29, 1999.)

APPEAL from the Court of Appeals for Allen County, No. 1-99-20.

———————————

{¶ 1} In March 1999, appellant, Lawrence Brown, filed a petition in the Court of Appeals for Allen County for a writ of habeas corpus to compel his immediate release from prison. Brown claimed that he was entitled to the writ because at his criminal trial, he had been denied his constitutional right to a speedy trial and his trial court had erroneously enhanced his sentence by use of an improper specification. The court of appeals dismissed Brown's petition.

{¶ 2} This cause is now before the court upon an appeal as of right.

———————————

*Lawrence Brown, pro se*.

*Betty D. Montgomery*, Attorney General, and *Michele M. Schoeppe*, Assistant Attorney General, for appellee.

———————————

*Per Curiam.*

{¶ 3} We affirm the judgment of the court of appeals for the reasons stated in its opinion. Neither a claimed violation of the right to a speedy trial nor a mere sentencing error is cognizable in habeas corpus. *Russell v. Mitchell* (1999), 84 Ohio St.3d 328, 329, 703 N.E.2d 1249, 1249-1250; *Heddleston v. Mack* (1998), 84 Ohio St.3d 213, 702 N.E.2d 1198. Further, Brown waived the additional claims he raises in this appeal, *e.g.*, ineffective assistance of counsel, by failing to raise them below,

and such claims are also not cognizable in habeas corpus. *State ex rel. Porter v. Cleveland Dept. of Pub. Safety* (1998), 84 Ohio St.3d 258, 259, 703 N.E.2d 308, 309; *Thomas v. Huffman* (1998), 84 Ohio St.3d 266, 267, 703 N.E.2d 315, 315-316.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————