ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On April 9, 2004, petitioner Charles Boyd filed a petition for a writ of habeas corpus. Boyd, the defendant inState v. Boyd, Cuyahoga County Court of Common Pleas Case No. CR-444729, asks this court to issue the writ because the lower court is violating his speedy trial rights. Boyd also asks this court to vacate his conviction State v. Boyd, Summit County Court of Common Pleas Case No. CR 03-03-070 for domestic violence since he is facing similar domestic violence charges in Case No. CR-444729. On April 21, 2004, respondent Judge Timothy J. McGinty, through the Cuyahoga County Prosecutor's office, filed a motion to dismiss. For the following reasons, we grant the motion to dismiss.
 {¶ 2} We initially find that the petition is not sufficient to maintain an action in habeas corpus. R.C. 2725.04 requires that petitions for habeas corpus be verified. The failure to verify the petition requires dismissal. State v. Vore,91 Ohio St.3d 323, 2001 Ohio 49, 744 N.E.2d 763; State ex rel. Criggerv. Ohio Adult Parole Auth., 82 Ohio St.3d 270, 695 N.E.2d 254. Boyd also failed to comply with the mandatory requirements of R.C. 2725.04(D) which requires that a copy of the cause of detention be attached to the petition for a writ of habeas corpus. The petition for a writ of habeas corpus is thus fatally defective. Brown v. Rogers, 72 Ohio St.3d 339, 1995 Ohio 72,650 N.E.2d 422; Cornell v. Schotten, 69 Ohio St.3d 466,1994 Ohio 74, 633 N.E.2d 1111; Bloss v. Rogers (1992),65 Ohio St.3d 145, 602 N.E.2d 602. Boyd also incorrectly named Judge Timothy McGinty who is not the custodian. R.C. 2725.04(B). See alsoState ex rel. Sherrills v. State, 91 Ohio St.3d 133,2001 Ohio 299, 742 N.E.2d 651, which affirmed the sua sponte dismissal of a petition for habeas corpus because the petitioner did not name the proper respondent.
 {¶ 3} We further note that Boyd failed to comply with R.C.2969.25 which requires the attachment of an affidavit describing each civil action or appeal filed by the relator within the previous five years in any state or federal court. State ex rel.Zanders v. Ohio Parole Bd., 82 Ohio St.3d 421, 1998-Ohio-218,696 N.E.2d 594; State ex rel. Alford v. Winters,80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242; In re Woods (Apr. 26, 2001), Cuyahoga App. No. 79467; Clark v. State (May 17, 2001), Cuyahoga App. No. 79584.
 {¶ 4} Furthermore, we recognize that a claimed violation of a criminal defendant's right to a speedy trial is not cognizable in habeas coprus. Brown v. Leonard, 86 Ohio St.3d 593,1999-Ohio-214, 167 N.E.2d 183; Mack v. Maxwell (1963),174 Ohio St. 275, 189 N.E.2d 156. Instead, an appeal is the proper remedy.State ex rel. Brantley v. Anderson, 77 Ohio St.3d 446,1997-Ohio-11, 674 N.E.2d 1380.
 {¶ 5} Finally, it is well established that "habeas corpus, like the other extraordinary writ actions, is not available when there is an adequate remedy at law." In re Coleman,95 Ohio St.3d 284, 2002-Ohio-1804, 767 N.E.2d 677, citing Gaskins v.Shiplevy, 76 Ohio St.3d 380, 383, 1996-Ohio-387,668 N.E.2d 1194. In attempting to vacate his prior conviction, we find that the petitioner has an adequate remedy at law through an appeal.
 {¶ 6} Accordingly, in light of the authorities cited above, we grant the respondent's motion to dismiss and dismiss Boyd's habeas corpus petition. Petitioner to pay costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ dismissed.
 Blackmon, P.J., and Celebrezze, J., concur.