OPINION AND JOURNAL ENTRY
{¶ 1} On October 25, 2004, Petitioner Robert Schoolcraft filed a Petition for Writ of Habeas Corpus, asserting that he is being unlawfully restrained. Respondent Jeffery Wolfe, Warden, moves to dismiss the petition for failure to state a claim upon which relief can be granted and for failure to comply with the statutorily prescribed steps for petitioning for a Writ of Habeas Corpus. For the following reasons, the petition is dismissed.
 Substantive Deficiencies {¶ 2} The writ of habeas corpus will only be issued in certain extraordinary circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy. State ex rel. Pirman v. Money
(1994), 69 Ohio St.3d 591, 593. Habeas corpus is not to be used as a substitute for other forms of action, such as direct appeal. Adams v.Humphreys (1986), 27 Ohio St.3d 43. Also, the availability of proceedings for post-conviction relief is grounds for denying habeas corpus. Gerhartv. Tate (1987), 33 Ohio St.3d 120.
 {¶ 3} Petitioner maintains that his sentence violated his Sixth Amendment right to a trial by jury, and that he is therefore unlawfully restrained. More specifically, he claims that his sentence was in violation of the United States Supreme Court holding in Blakely v.Washington (2004), 124 S.Ct. 2531, which provides that a sentence may not be increased by facts not found by a jury. A claimed violation of constitutional rights or an error in the sentence is reviewable on appeal and, accordingly, is not cognizable in habeas corpus. Walker v. Maxwell
(1965), 1 Ohio St.2d 136, see also Daniel v. State (Sept. 12, 2002), 10th Dist. No. 02AP-449.
 {¶ 4} Thus, where a Petitioner possessed the adequate legal remedies of appeal and post-conviction to challenge his sentencing, a petition for habeas corpus may properly be dismissed. See State ex rel. Massie v.Rogers (1997), 77 Ohio St.3d 449, 450. Petitioner was never denied the chance to directly appeal his conviction or to petition for post-conviction relief. In fact, Petitioner attempted to vacate his sentence by requesting post-conviction relief. However, his motion was deemed untimely. That judgment was not appealed and this action in habeas corpus presents the same issue raised in the untimely post-conviction motion. Because Petitioner failed to avail himself of an available legal remedy, the challenge to his sentence by way of habeas corpus is improper and must be denied.
 Procedural Deficiencies {¶ 5} Even if Petitioner's claims were recognizable in habeas corpus, the petition would still be dismissed for failure to comply with the statutory requirements of a petition for habeas corpus. R.C. 2725.06
states that "when a petition for writ of habeas corpus is presented, if it appears that the writ ought to issue, a court or judge authorized to grant the writ must grant the writ forthwith." Therefore, it necessarily follows that if a petition does not appear valid on its face, the writ cannot be granted and the petition must be dismissed.
 {¶ 6} To that end, the Supreme Court has held that "to avoid dismissal under R.C. 2725.06, a petition * * * must state with particularity why the court or magistrate lacked jurisdiction to enter the process, judgment or order. Otherwise, it will appear that the writ ought not be granted, and the petition will be dismissed * * *." Hammond v. Dallman
(1992), 63 Ohio St.3d 666, 668. Here, Petitioner has failed to make the requisite allegation that the trial court lacked jurisdiction to enter the sentencing order. Accordingly, the application fails on that ground.
 {¶ 7} In addition, R.C. 2725.04 demands that an application for a writ of habeas corpus be "verified." In interpreting the word verify in the context of R.C. 2725.04, the Ohio Supreme Court has held that
 {¶ 8} "[i]n the absence of any statutory definition of the requisite verification, we must apply the word's usual, normal, or customary meaning. State ex rel. Cuyahoga Cty. v. State Personnel Bd. of Review
(1998), 82 Ohio St.3d 496, 499, 696 N.E.2d 1054; R.C. 1.42. `Verification' means a `formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document.' Garner, Black's Law Dictionary (7 Ed. 1999) 1556 * * *." Chari v. Vore (2001), 91 Ohio St.3d 323, 328.
 {¶ 9} In this case, the petition is simply signed; it is not notarized or in any other way verified. Failure to verify a petition in compliance with R.C. 2725.04 is grounds for dismissal of the petition. Sidle v. OhioAdult Parole Auth. (2000), 89 Ohio St.3d 520, 520.
 {¶ 10} Further, R.C. 2969.25(A) requires that, "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."
 {¶ 11} A petition for habeas corpus is an action that is civil in nature. Failure to file an affidavit in accord with R.C. 2969.25 with a petition for habeas corpus is grounds for dismissal of the petition. Stateex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421; Richardsv. Tate, 7th Dist. No. 01-BA-51, 2002-Ohio-0436. Petitioner did not file such an affidavit with this petition, which requires dismissal.
 {¶ 12} For the above stated reasons, the petition for habeas corpus is dismissed. Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.
Vukovich, J., concurs.
Waite, J., concurs.
DeGenaro, J., concurs.