PER CURIAM OPINION
{¶ 1} The instant action in habeas corpus is presently before this court for final consideration of the motion of respondent, the Geauga County Court of Common Pleas, to dismiss the entire claim for relief. As the primary grounds for the motion, respondent contends that this proceeding cannot go forward before this court because we lack the jurisdiction to determine if the present incarceration of petitioner, Kenneth L. Rockwell, Jr., is proper. For the following reasons, we hold that the motion to dismiss has merit.
 {¶ 2} The petition before us consists solely of two sentences on a single sheet of paper. In these sentences, petitioner only states that he is entitled to a writ of habeas corpus because there is no legal basis for his imprisonment. However, in making this general statement, petitioner does not present any specific allegations as to the reasons for his confinement and why the confinement is allegedly illegal. Although the petition does refer to an exhibit in support, the sole attachment to the petition is a basic request for service of summons on the petition.
 {¶ 3} At the bottom of his petition, petitioner does indicate that he is being held at the state prison in Lucasville, Ohio. In now moving to dismiss this action, respondent aptly notes that the state prison in question, the Southern Ohio Correctional Institution, is not located within the territorial jurisdiction of this court. Based upon this, respondent argues that this court does not have the requisite authority to order petitioner's release from the state prison. In support of this point, respondent cites the following provision from R.C. 2725.03:
 {¶ 4} "If a person restrained of his liberty is an inmate of a state * * * correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. * * *"
 {¶ 5} In light of the plain language of R.C. 2725.03, this court has concluded in prior actions that the county of an inmate's conviction is the proper location to bring a habeas corpus case only when he is being held in that same county; i.e., regardless of where an inmate is convicted, a habeas corpus proceeding can only be maintained in the county where the inmate is incarcerated. See, e.g., Jordan v. State, 11th Dist. No. 2004-T-0041, 2004-Ohio-5634. Furthermore, if the inmate fails to bring the case in the proper county, the case must be dismissed because the court lacks the jurisdiction to go forward on the matter. SeeBridges v. McMacklin (1989), 44 Ohio St.3d 135; State ex rel. Kirklin v.Ohio Dept. of Rehabilitation and Correction, 11th Dist. No. 2001-P-0141, 2003-Ohio-1392.
 {¶ 6} As part of the instant petition, petitioner readily indicates that he is being held at the Southern Ohio Correctional Institution in Lucasville, Ohio. Even though the territorial jurisdiction of this court does extend beyond Geauga County, the place where petitioner was convicted, it does not encompass Scioto County where the state prison in question is located. Thus, pursuant to R.C. 2725.03, we do not have the basic authority to consider the merits of the habeas corpus petition and possibly issue a writ ordering his release.
 {¶ 7} As an aside, this court would also note that, even if we did have the basic jurisdiction to proceed, petitioner has failed to bring this proceeding against the proper party. In State ex rel. Davis v.Wilson, 11th Dist. No. 2003-T-0049, 2003-Ohio-2840, this court concluded that the individual who has actual legal custody over an inmate is the only proper respondent in a habeas corpus action. Therefore, in the instant case, it was inappropriate for petitioner to maintain this action against the court in which he had been convicted; instead, he should have named as respondent the warden of the state prison in which he is now incarcerated.
 {¶ 8} Since this court does not have the proper jurisdiction to review the merits of the instant habeas corpus petition, respondent's motion to dismiss this matter is granted. It is the order of this court that petitioner's entire habeas corpus petition is hereby dismissed.
Ford, P.J., Grendell, J., O'Toole, J., concur.