OPINION AND JOURNAL ENTRY *Page 2 
{¶ 1} On March 9, 2007 Petitioner filed a handwritten petition in habeas corpus asserting a violation of his right to a speedy trial. The gravamen of his complaint is that the trial continuances in his case are not all attributable to him and that his incarceration of 490 days constitutes a violation of his statutory right to a speedy trial. On March 13, 2007, the Respondent filed a motion to dismiss for failure to state a claim upon which relief could be granted. Respondent points out that on November 7, 2006 Petitioner filed a waiver of his right to a speedy trial.
 {¶ 2} Habeas corpus is an extraordinary remedy that is available in certain circumstances where there is the unlawful restraint of a person's liberty and there is no adequate legal remedy available to the complaining party. State ex rel. Harris v. Anderson (1996),76 Ohio St.3d 193, 1996-Ohio-412.
 {¶ 3} If an adequate legal remedy is available and it provides complete relief, then a party may not pursue an action in habeas corpus.Adams v. Humphreys (1986), 27 Ohio St.3d 43, 500 N.E.2d 1373; Pegan v.Crawmer (1996), 76 Ohio St.3d 97, 1996-Ohio-419.
 {¶ 4} In furtherance of that principle of law it has been held that a claim that the trial court failed to comply with statutory speedy trial requirements is not cognizable in habeas corpus. Prather v. Brigano
(1999), 86 Ohio St.3d 609, 1999-Ohio-212. See also Brown v. Leonard
(1999), 86 Ohio St.3d 593, 1999-Ohio-214. For this reason alone the petition for writ of habeas corpus must be dismissed.
 {¶ 5} We further note that in the underlying criminal case involving this Petitioner, (Mahoning County Common Pleas Case No. 05CR339), on February 20, 2007 Petitioner was sentenced to an aggregate total of 13 years in prison after he pled guilty to kidnapping, aggravated burglary, rape and violation of a protection order. The *Page 3 
docket record further shows that on March 14, 2007 a timely notice of appeal was filed from the sentencing order. Petitioner has, and is pursuing, an available legal remedy by way of an appeal. The specific issue raised in this petition for writ of habeas corpus can be adequately and completely addressed, if presented as an assignment of error in that appeal.
 {¶ 6} We additionally note that Petitioner has failed to comply with the filing requirements of R.C. 2725.04 and R.C. 2969.25. SeeSchoolcraft v. Wolfe, 7th Dist. 04NO323, 2005-Ohio-1355. The petition lacks verification and a required affidavit listing civil actions filed by Petitioner in the preceding five years.
 {¶ 7} Accordingly, this Court dismisses this petition for writ of habeas corpus for the reasons stated above. Costs of this proceeding taxed against Petitioner.
 {¶ 8} Final order. Clerk to serve notice to counsel or unrepresented party as provided by law, including Mr. Bobby Peterson, #522-955, Lorain Correctional Institution, 2075 South Avon Beldon Road, Grafton, Ohio 44044.
 Donofrio, J., Vukovich, J., DeGenaro, P.J., concur. *Page 1