[Cite as *State v. Donaldson*, 2014-Ohio-5558.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101974**

**STATE OF OHIO**

RESPONDENT

vs.

**LONNIE L. DONALDSON**

PETITIONER

**JUDGMENT:**
PETITION DISMISSED

Writ of Habeas Corpus
Motion No. 479034
Order No. 479579

**RELEASE DATE:** December 12, 2014

**ATTORNEYS FOR PETITIONER**

Vicki L. Ward
Shayla Alexandra King
Attorneys at Law
75 Public Square
Cleveland, Ohio    44113

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Daniel T. Van
        Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

KENNETH A. ROCCO, J.:

{¶1} On September 26, 2014, Lonnie Donaldson, filed a "Motion for leave to plead and petition for writ of habeas corpus." He avers that he is being held on excessive bail in the underlying case, *State v. Donaldson*, Cuyahoga C.P. No. CR-07-502443-A, in which the trial court recently set bond at $750,000.00 for charges of aggravated murder and attempted murder. For the following reasons, this court dismisses the petition, sua sponte.

{¶2} Donaldson's petition is not verified as required by R.C. 2725.04. In *Chari v. Vore*, 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763, the Supreme Court of Ohio reversed the court of appeals' granting of the writ and awarding of relief and held that the cause should have been summarily dismissed because the petition was not verified. Additionally, Donaldson failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.App.R. 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402.

{¶3} Donaldson improperly captioned his petition. He used the caption for his underlying case as the caption for his habeas corpus petition. Thus, the state of Ohio is listed as plaintiff-respondent. However, "the individual who has actual legal custody over the inmate is the only proper respondent in a habeas corpus action." *Rockwell v. Geauga Cty. Court of Common Pleas,* 11th Dist. Geauga No. 2005-G-2661, 2005-Ohio-5762, ¶ 7; R.C. 2725.04(B); and *Boyd v. McGinty*, 8th Dist. Cuyahoga No. 84476, 2004-Ohio-2704.

{¶4} Donaldson has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. This failure also warrants dismissal of his petition. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594 and *State ex rel. Alford*

*v. Winters*, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242.

{¶5} Accordingly, the court dismisses the petition for habeas corpus. Costs assessed against the relator. This court directs the Clerk of the Cuyahoga County Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶6} Petition dismissed.

_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR