[Cite as *Lucci v. Turner*, 2020-Ohio-4697.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| JUDGE EUGENE A. LUCCI, | : | **PER CURIAM OPINION** |
| Respondent, | : | |
| - vs - | : | **CASE NO. 2020-L-085** |
| JOHN LOUIS TURNER, JR., | : | |
| Petitioner. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Charles E. Coulson,* Lake County Prosecutor, and *Eric A. Condon,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

*John Louis Turner, Jr.,* pro se, PID: A673-787, Pickaway Correctional Institution, 11781 State Route 762, P.O. Box 209, Orient, OH 43146 (Petitioner).

PER CURIAM.

{¶1}  The instant petition in habeas corpus, filed by petitioner, John Louis Turner, Jr., is before this court for consideration of a motion to dismiss, filed by respondent, Judge Eugene A. Lucci, represented by Charles E. Coulson, the Lake County Prosecuting Attorney.  Respondent sets forth various procedural defects in support of the motion to dismiss: (1) petitioner failed to file the petition in the proper county; (2) the petition is not verified; (3) petitioner has failed to attach necessary

commitment papers as required by R.C. 2725.04(D); (4) petitioner failed to attach an affidavit to the petition describing all civil actions and appeals filed in the last five years; and (5) the substantive allegations were addressable on direct appeal and thus petitioner possessed an adequate remedy at law. For the following reasons, we conclude that dismissal is warranted.

{¶2} Initially, R.C. 2725.03 provides:

{¶3} If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

{¶4} Petitioner admits he is imprisoned in Pickaway Correctional Institution, located in Orient, Ohio. This court has jurisdiction over Lake, Trumbull, Ashtabula, Portage, and Geauga counties. We therefore lack jurisdiction to entertain petitioner's petition. *See, e.g., Rockwell v. Geauga Cty. Court of Common Pleas*, 11th Dist. Geauga No. 2005-G-2661, 2005-Ohio-5762 (Under R.C. 2725.03, the appellate court did not have the basic authority to consider the merits of the inmate's habeas corpus petition or to issue a writ ordering his release because, although it did have jurisdiction over the county where the inmate was convicted, it did not have jurisdiction over the county where the inmate was incarcerated.)

{¶5} As an aside, even if this court had jurisdiction to proceed, petitioner has failed to bring this proceeding against the proper party. In *State ex rel. Davis v. Wilson,* 11th Dist. Trumbull No. 2003-T-0049, 2003-Ohio-2840, this court concluded that

2

the individual who has actual legal custody over an inmate is the only proper respondent in a habeas corpus action. *Id.* at ¶13. Here, petitioner improperly filed this action against Judge Lucci, a judge in the Lake County Court of Common pleas. The warden of the institution in which petitioner is incarcerated would be the proper respondent to the instant action. *Accord, Rockwell, supra*.

{¶6}   Moreover, respondent points out that petitioner's petition is procedurally deficient for the following reasons: it is not verified, in violation of R.C. 2725.04; it does not include necessary commitment papers, in violation of R.C. 2725.04(D); and it does not include an affidavit detailing all civil actions and appeals, in violation of R.C. 2969.25(A).   These defects each provide an independent foundation for dismissal. *Chari v.* Vore, 91 Ohio St.3d 323, 328 (2001) (failure to verify truth of the statements in pleading is fatal to habeas petition); *Hawkins v. S. Ohio Corr. Facility,* 102 Ohio St.3d 299, 2004-Ohio-2893 (failure to attach commitment papers is fatal to habeas petition); *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259 (1999) (failure to comply with R.C. 2969.25(A) is fatal to habeas petition).

{¶7}   Finally, even if the petition did not suffer from the foregoing fatal defects, petitioner seeks relief based upon his assertion that the state failed to prove every element of the charges of which he was convicted.  Petitioner, in effect, is challenging the sufficiency of the evidence supporting the convictions.  This argument, however, could have been raised on direct appeal and, as a result, is not proper for the instant action in habeas corpus. *See, e.g., Webber v. Kelly,* 120 Ohio St.3d 440, 2008-Ohio-6695, ¶7-9  (challenge to the sufficiency of the evidence in a petition for habeas corpus

improper because it could have been raised on direct appeal in the ordinary course of law.)

{¶8} For the foregoing reasons, respondent's motion to dismiss petitioner's petition for writ of habeas corpus is granted. Petitioner's petition for writ of habeas corpus is dismissed.

TIMOTHY P. CANNON, P.J., CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.

4