[Cite as *Al-Bey v. Olender*, 2022-Ohio-3393.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Salih Abdul Malik Al-Bey                                   Court of Appeals No.  L-22-1197
(Darrick Newsome)

          Petitioner

v.

Judge Lori Olender, et al.                                 **<u>DECISION AND JUDGMENT</u>**

          Respondents                                      Decided:  September 27, 2022

* * * * *

Salih Abdul Malik Al-Bey (Darrick Newsome), Pro se.

* * * * *

**MAYLE, J.**

{¶ 1} In this original action, filed on August 31, 2022, the petitioner identifies himself as "Salih Abdul Malik Al-Bey (Ex. Rel. Darrick Newsome)."  Petitioner alleges that he is being unlawfully detained at the Allen-Oakwood Correctional Institution in Lima, Ohio and seeks a writ of habeas corpus from this court, ordering his immediate

release. The petition names three respondents: Edward Shelton, the warden of the Allen-Oakwood Correctional Institution, the Honorable Lori Olender of the Lucas County Court of Common Pleas and Assistant Prosecuting Attorney Evy Jarrett, also with the Lucas County Court of Common Pleas.

{¶ 2} Petitioner failed to attach a copy of his commitment papers to his petition or to otherwise identify the cause of his detention, in violation of R.C. 2725.04(D). But, petitioner did attach a copy of an indictment, issued by the Lucas County Court of Common Pleas on December 2, 2011, which charged "Reynard Lewis" and "Darrick Newsome" with two counts of aggravated murder, three counts of aggravated robbery, two counts of aggravated burglary, and two counts of felonious assault. All counts included a firearm specification. (Lucas County Court of Common Pleas case No. 11-2959). Petitioner failed to indicate the outcome of the criminal case, except to assert that he was "persecuted without having committed a crime" and has been "deprived of [his] liberty in involuntary servitude."

{¶ 3} R.C. 2725.03 ("Jurisdiction for production or discharge of inmate of institution") limits the territorial jurisdiction of a court asked to consider a petition for a writ of habeas corpus. Specifically, R.C. 2725.03 provides:

> If a person restrained of his liberty is an inmate of a state benevolent
> or correctional institution, the location of which is fixed by statute and at
> the time is in the custody of the officers of the institution, no court or judge

2.

other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

{¶ 4} Petitioner alleges that he is currently incarcerated at the Allen Oakwood Correctional Institution, in Allen County, Ohio. This court has jurisdiction over Erie, Fulton, Huron, Lucas, Ottawa, Sandusky, Williams and Wood Counties but not Allen County. We therefore lack jurisdiction to determine whether or not petitioner is entitled to a writ of habeas corpus. *Accord Lucci v. Turner*, 11th Dist. Lake No. 2020-L-085, 2020-Ohio-4697, ¶ 4 ("Petitioner admits he is imprisoned in Pickaway Correctional Institution, located in Orient, Ohio. This court has jurisdiction over Lake, Trumbull, Ashtabula, Portage, and Geauga counties. We therefore lack jurisdiction to entertain petitioner's petition."); *see also, Rockwell v. Geauga Cty. Court of Common Pleas*, 11th Dist. Geauga No. 2005-G-2661, 2005-Ohio-5762 (Under R.C. 2725.03, the appellate court did not have the basic authority to consider the merits of the inmate's habeas corpus petition or to issue a writ ordering his release because, although it did have jurisdiction over the county where the inmate was convicted, it did not have jurisdiction over the county where the inmate was incarcerated.)

3.

{¶ 5} As an aside, even if this court had jurisdiction to proceed, the petition is procedurally deficient because, as mentioned, it does not include the necessary commitment papers, in violation of R.C. 2725.04(D). This defect provides an independent foundation for dismissal. *Hawkins v. S. Ohio Corr. Facility,* 102 Ohio St.3d 299, 2004-Ohio-2893, 809 N.E.2d 1145, ¶ 4 (Failure to attach commitment papers is fatal to habeas petition). Additionally, petitioner named improper parties in the petition. The individual who has actual legal custody over an inmate is the only proper respondent in a habeas corpus action. *Lucci* at ¶ 5. Here, petitioner improperly included Judge Olender and Assistant Prosecutor Jarrett. The warden of the institution in which petitioner is incarcerated, Warden Shelton, is the only proper respondent in the instant action. *Turner* at ¶ 5.

{¶ 6} As set forth above, this court lacks jurisdiction to consider the petition for a writ of habeas corpus. Accordingly, it is hereby dismissed. Costs are assessed to petitioner.

{¶ 7} **To the Clerk: Manner of Service.**

{¶ 8} The clerk is directed to serve upon all parties in a manner prescribed by Civ.R. 5(B) notice of the judgment and its date of entry upon the journal.

Writ dismissed.

Salih Abdul Malik Al-Bey
(Darrick Newsome)
v. Judge Lori Olender, et al.;
L-22-1197

Mark L. Pietrykowski, J.   _____
                 JUDGE

Christine E. Mayle, J.

Myron C. Duhart, P.J.    _____
CONCUR.               JUDGE

              _____
                 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.