[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 176.]

THE STATE EX REL. HUNTER, APPELLANT, *v.* CUYAHOGA COUNTY COURT OF COMMON PLEAS, APPELLEE.

[Cite as *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 2000-Ohio-285.]

*Mandamus to compel common pleas court to rule on relator's motion to correct his trial proceedings record—Denial of writ affirmed.*

(No. 99-1590—Submitted January 11, 2000—Decided March 8, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 76161.

_____

{¶ 1} The Cuyahoga County Court of Common Pleas convicted appellant, Patrick Hunter, of two counts of aggravated robbery, one count of having a weapon while under a disability, and various specifications, and sentenced him to prison. On January 13, 1997, while his appeal from the convictions and sentence was pending, Hunter filed a motion in common pleas court requesting that part of the trial proceedings that were allegedly omitted from the record be included in the record on appeal. Hunter claimed that the trial court record should have included the jury's request during deliberations to see medical records and excerpts of trial testimony. There is no evidence or assertion that Hunter filed any similar motion in the court of appeals. On July 17, 1997, the court of appeals vacated Hunter's conviction for having a weapon while under a disability but affirmed the remainder of his conviction and sentence. *State v. Hunter* (July 17, 1997), Cuyahoga App. Nos. 70933 and 70934, unreported, appeal not allowed (1997), 80 Ohio St.3d 1446, 686 N.E.2d 274. In January 1998, the court of appeals denied Hunter's application for reopening. *State v. Hunter* (Jan. 22, 1998), Cuyahoga App. Nos. 70933 and 70934, unreported, 1998 WL 172995.

**{¶ 2}** In March 1999, Hunter filed a complaint in the court of appeals for a writ of mandamus to compel appellee, Cuyahoga County Court of Common Pleas, to order the record in his criminal trial to be corrected to include the jury request that he claimed had been omitted. Hunter alleged that the common pleas court had never ruled on his January 13, 1997 motion to include the jury request in the record. Hunter also filed an affidavit of indigency in which he stated that he had "no means of financial support and no assets of any real value and, therefore, cannot afford to pay for any legal services, fees or cost[s] in the above-styled case." Hunter did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months. The court of appeals granted the common pleas court's motion for summary judgment and denied the writ. The court of appeals also denied Hunter's claim of indigency and ordered him to pay costs.

**{¶ 3}** This cause is now before the court upon an appeal as of right.

_____

*Patrick Hunter, pro se.*

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Renee L. Snow*, Assistant Prosecuting Attorney, for appellee.

_____

***Per Curiam.***

**{¶ 4}** Hunter asserts that the court of appeals erred in denying the requested extraordinary relief in mandamus. For the following reasons, Hunter's assertion lacks merit.

**{¶ 5}** Initially, to the extent that Hunter requested a writ of mandamus to compel the common pleas court to rule on his motion to correct the record, Hunter now concedes that the common pleas court has ruled on his motion. A writ of

mandamus will not issue to compel an act that has already been performed. *State ex rel. Sharif v. Cuyahoga Cty. Court of Common Pleas* (1999), 85 Ohio St.3d 375, 376, 708 N.E.2d 718, 719.

{¶ 6} Moreover, Hunter had adequate remedies by App.R. 9(E) and appeal to correct any material omissions from his record. *State ex rel. Hester v. Crush* (1996), 75 Ohio St.3d 563, 564, 664 N.E.2d 930, 931; *State ex rel. Hill v. Niehaus* (1994), 68 Ohio St.3d 507, 508-509, 628 N.E.2d 1376, 1377. Even if, as Hunter claims, his trial court did not rule on his motion until after the court of appeals had resolved his appeal, he could have raised his claim in a motion in the court of appeals before his appeal had been decided. *State ex rel. Jones v. Montgomery Cty. Court of Common Pleas* (1996), 75 Ohio St.3d 642, 643, 665 N.E.2d 673, 674; App.R. 9(E) ("*If anything material to either party is omitted from the record* by error or accident or is misstated therein, * * * *the court of appeals*, on proper suggestion or of its own initiative, *may direct that the omission* or misstatement *be corrected*, and if necessary that a supplemental record be certified and transmitted."). (Emphasis added.)

{¶ 7} Finally, Hunter failed to comply with R.C. 2969.25(A) and (C) in commencing his mandamus action, and like appellants in similar cases, Hunter never claimed that these provisions are inapplicable to mandamus actions. *State ex rel. White v. Goldsberry* (1999), 85 Ohio St.3d 153, 154-155, 707 N.E.2d 496, 497-498; *State ex rel. Zanders v. Ohio Parole Bd.* (1998), 82 Ohio St.3d 421, 422, 696 N.E.2d 594, 594-595. The certified statement of the prison cashier required by R.C. 2969.25(C) concerning Hunter's inmate account would have allowed Hunter to support his bare, conclusory assertion that he was indigent.

{¶ 8} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————