THE STATE EX REL. PAMER, APPELLANT, *v.* COLLIER, JUDGE, APPELLEE.

[Cite as *State ex rel. Pamer v. Collier,*
108 Ohio St.3d 492, 2006-Ohio-1507.]

(No. 2005–2201—Submitted February 22, 2006—Decided April 12, 2006.)

———————

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a complaint for a writ of mandamus.

{¶ 2} On September 19, 2005, appellant, George D. Pamer, an inmate at Mansfield Correctional Institution, filed a complaint in the Court of Appeals for Medina County. Pamer sought a writ of mandamus to compel appellee, Medina County Common Pleas Court Judge Christopher J. Collier, to issue findings of

fact and conclusions of law on a December 2004 entry denying Pamer's petition for postconviction relief.

{¶ 3} Pamer moved for waiver of the prepayment of fees to file his mandamus action and submitted an affidavit of indigency and a statement certified by his prison cashier showing his inmate account for the period from March 1, 2005, through August 1, 2005.

{¶ 4} On October 14, 2005, the court of appeals dismissed Pamer's complaint for failure to comply with the requirements of R.C. 2969.25(C). The court of appeals also ordered Pamer to pay costs.

{¶ 5} We affirm the judgment of the court of appeals. Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint—August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas,* 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

{¶ 6} In addition, nothing in R.C. 2969.25 required the court of appeals to afford Pamer the opportunity to pay the requisite filing fee before dismissing the case when Pamer expressly requested waiver of prepayment of those fees.

{¶ 7} Finally, because Pamer did not prevail and did not establish his indigency, the court of appeals did not abuse its discretion in ordering him to pay the costs of the proceeding. See *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164; Civ.R. 54(D).

{¶ 8} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

George D. Pamer, pro se.

Dean Holman, Medina County Prosecuting Attorney, and Russell A. Hopkins, Assistant Prosecuting Attorney, for appellee.