JOURNAL ENTRY AND OPINION
{¶ 1} On July 18, 2006, the relator, Rashaud Smith, commenced this mandamus action against the respondent, Judge John J. Russo, to compel the judge to rule on motions for jail time credit which Smith filed on November 2, 2005, in the underlying cases, Statev. Rashaud Smith, Cuyahoga County Common Pleas Court Case Nos. CR-445807, 447012, 449994, and 454193. On August 30, 2006, the respondent moved for summary judgment on the grounds of mootness. Attached to the dispositive motion were copies of signed, file-stamped journal entries granting the motion for jail time credit in each of the underlying cases.1 Smith never filed a brief in opposition. This establishes that the relator has received his requested relief and that the action is, therefore, moot. State ex rel. Corder v. Wilson (1991),68 Ohio App.3d 567, 589 N.E.2d 113.
 {¶ 2} The relator has also failed to comply with R.C.2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board,82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594, and State exrel. Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117,685 N.E.2d 1242. Relator also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from the prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. State ex rel. Hunter v. Cuyahoga Cty.Court of Common Pleas, 88 Ohio St.3d 176, 2000-Ohio-285,724 N.E.2d 420.
 {¶ 3} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus. Costs assessed 1 In Case No. CR-449994, the judge granted 107 days of jail time credit. In the others, he granted four days credit. against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Dyke, A.J., and Celebrezze, Jr., J., concur.