JOURNAL ENTRY AND OPINION
{¶ 1} On December 18, 2009, the relator, Ambrose Murray, commenced this procedendo action against the respondent, the Cuyahoga County Common Pleas Court, to compel the court to rule on a motion for jail time credit which he filed in the underlying case, State v. Murray, Cuyahoga County Common Pleas Court Case No. CR. 505052, on May 19, 2008. He maintains that he is entitled to 110 days of jail time credit.
 {¶ 2} On January 12, 2009, the respondent moved for summary judgment on the grounds of mootness. Attached to the dispositive motion was a copy of a *Page 3 
certified journal entry, file-stamped January 6, 2009, in the underlying case, granting Murray 110 days of credit. This journal entry establishes that Murray has received his requested relief and that the action is, therefore, moot. State ex rel. Corder v. Wilson (1991),68 Ohio App.3d 567, 589 N.E.2d 113. Murray never filed a response to the motion for summary judgment.
 {¶ 3} Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). A "swear to everything" affidavit, in which the affiant says that the statements in the complaint are true, does not specify the details of the claim. State ex rel. Wilson v. Calabrese
(Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel.Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
 {¶ 4} The relator has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zandersv. Ohio Parole Board, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594
and State ex rel. Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117,685 N.E.2d 1242. Relator also did not comply with R.C. 2969.25(C) which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status and assess costs against the *Page 4 
relator. State ex rel. Pamer v. Collier, 108 Ohio St.3d 492,2006-Ohio-1507, 844 N.E.2d 842 and State ex rel. Hunter v.Cuyahoga County Court of Common Pleas, 88 Ohio St.3d 176, 2000-Ohio-285,724 N.E.2d 420
 {¶ 5} Accordingly, the court grants the respondent's motion for summary judgment and denies the writ. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
 FRANK D. CELEBREZZE, JR., J., and LARRY A. JONES, CONCUR. *Page 1