[Cite as *State ex rel. Jones v. McGinty*, 2011-Ohio-1814.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 96414

## STATE OF OHIO EX REL.,
## CLIFFORD R. JONES

RELATOR

vs.

## HONORABLE TIMOTHY McGINTY

RESPONDENT

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus
Motion No. 442492
Order No. 443294

**RELEASE DATE:**   April 8, 2011

FOR RELATOR

Clifford R. Jones, Pro Se
Inmate No. 494-879
Marion Correctional Institution
P.O. Box 57
Marion, OH    43301


ATTORNEYS FOR RESPONDENT

William D. Mason
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

MELODY J. STEWART, J.:

{¶ 1}  On February 11, 2011, the relator, Clifford Jones, commenced this mandamus action to compel the respondent, Judge Timothy McGinty, to rule on a motion for jail time credit in the underlying case, *State v. Jones*, Cuyahoga County Common Pleas Court Case No. CR-471452 and to grant him an additional 17 days of credit.  On March 4, 2011, the respondent moved for summary judgment on the grounds of procedural defects and mootness.  Attached to the dispositive motion was a certified copy of a March 2, 2011 journal entry in the underlying case, granting Jones one additional day of credit.  This journal entry

establishes that the court has fulfilled its duty, to rule on the outstanding motion. Beyond this, Jones has or had an adequate remedy at law by appealing the ruling on the motion.[1] *State ex rel. Corder v. Wilson* (1991), 68 Ohio App.3d 567, 589 N.E.2d 113. Moreover, Jones never filed a response to the judge's summary judgment motion.

{¶ 2} The court further notes that the mandamus petition was also deficient in a number of ways. First, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.App.R. 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; *State ex rel. Wilson v. Calabrese* (Jan. 18, 1996), 8th Dist. No. 70077; and *State ex rel. Smith v. McMonagle* (July 17, 1996), 8th Dist. No. 70899. In *Leon,* the Supreme Court of Ohio upheld this court's ruling that merely stating in an affidavit that the complaint was true and correct was insufficient to comply with the local rule.

{¶ 3} Relator also did not comply with R.C. 2969.25(C) which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108

---

[1] The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914.

Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842 and *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420.

{¶ 4}  Accordingly, this court grants the respondent's motion for summary judgment and dismisses this case.   Relator to pay costs.   The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal.   Civ.R. 58(B).

Writ denied.

---

MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR