[Cite as *State ex rel. Iacovone v. Matia*, 2011-Ohio-3479.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
#### No. 96530

---

## STATE OF OHIO EX REL.,
## ORSINO IACOVONE

RELATOR

vs.

## HONORABLE DAVID T. MATIA

RESPONDENT

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus
Motion No. 443553

Order No. 445735

RELEASE DATE:   July 8, 2011

FOR RELATOR

Orsino Iacovone, Pro Se
Inmate No. 570-904
Lebanon Correctional Institution
P.O. Box 56
Lebanon, OH   45036


ATTORNEYS FOR RESPONDENT

William D. Mason
Cuyahoga County Prosecutor

By:     James E. Moss
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, Ohio   44113

MELODY J. STEWART, J.:

{¶ 1}   On March 14, 2011, the relator, Orsino Iacovone, commenced this mandamus action against the respondent judge to compel the judge to rule on a motion to vacate sentence which Iacovone filed on October 4, 2010, in the underlying case, *State v. Iacovone,* Cuyahoga County Common Pleas Court Case No. CR-490883.[1]   On April 8, 2011, the respondent,

---

[1] Iacovone named Judge David T. Matia as the respondent.   However, Judge John O'Donnell was the judge assigned to the underlying case and the proper respondent.   The Cuyahoga County prosecutor filed the motion for summary judgment on behalf of Judge O'Donnell.

through the Cuyahoga County prosecutor, moved for summary judgment on the grounds of mootness and pleading deficiencies. Iacovone never filed a response. For the following reasons, this court grants the motion for summary judgment and denies the application for a writ of mandamus.

{¶ 2} In the underlying case in 2007, Iacovone pleaded guilty to attempted theft, and the trial court sentenced him to seven months imprisonment and three years of postrelease control. However, when he was released from prison in 2008, the Ohio Department of Rehabilitation and Correction ("ODRC") decided not to place Iacovone on postrelease control because he would be on parole for an older conviction.

{¶ 3} In 2009, Iacovone pleaded guilty to several other minor criminal offenses. The respondent judge in the underlying case then found that Iacovone had violated postrelease control and imposed a prison term for that violation. On October 4, 2010, Iacovone moved to vacate that sentence because the ODRC had not placed him on postrelease control for the underlying case. On April 6, 2011, the respondent judge granted the motion to vacate the subject sentence, because he had confirmed the truth of the allegations from the ODRC. The respondent judge attached to his summary judgment motion a certified copy of the order vacating the subject sentence.

{¶ 4} That order established that Iacovone had received his requested relief and that the judge had fulfilled his duty by ruling on the subject motion. Accordingly, this mandamus action is moot.

{¶ 5} Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.R. 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; *State ex rel. Wilson v. Calabrese* (Jan. 18, 1996), 8th Dist. No. 70077; and *State ex rel. Smith v. McMonagle* (July 17, 1996), 8th Dist. No. 70899. In *Leon,*the Supreme Court of Ohio upheld this court's ruling that merely stating in an affidavit that the complaint was true and correct was insufficient to comply with the local rule.

{¶ 6} Relator also did not comply with R.C. 2969.25(C) which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842 and *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420.

{¶ 7} Accordingly, the court grants the respondent's motion for summary judgment and denies the writ. Costs assessed against the relator. This court directs the clerk of the

Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal.   Civ.R. 58(B).

Writ denied.

_____

___
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, A.J., and
COLLEEN CONWAY COONEY, J., CONCUR