[Cite as *State ex rel. Newell v. Fuerst*, 2012-Ohio-3697.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98198

---

## STATE EX REL. EMANUEL NEWELL

### RELATOR

vs.

## JUDGE NANCY A. FUERST

### RESPONDENT

---

## JUDGMENT:
## WRITS DENIED

---

Writs of Mandamus and Procedendo
Motion No. 454755
Order No. 456990

**RELEASE DATE:**   August 14, 2012

**RELATOR**

Emanuel Newell
No. A206453
Allen Correctional Institution
Attention C-Unit
2338 North West Street
Lima, Ohio 45802

**ATTORNEYS FOR RESPONDENT**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: James E. Moss, Esq.
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶1} On April 10, 2012, the relator, Emanuel Newell, commenced this mandamus and procedendo action against Judge William Mahon[1] to compel the judge to rule on two motions — (1) Motion to compel as for contempt in disobeying judgment and (2) Motion to vacate journal entry filed 12-2-88 — which Newell filed in late 2011 in the underlying case, *State v. Newell,* Cuyahoga C.P. No. CR-226066. On May 3, 2012, the respondent judge, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness. Attached to the dispositive motion was a certified copy of a May 1, 2012 journal entry which denied both motions. Newell never filed a response. Because the May 1, 2012 journal entry establishes that Newell has received his requested relief, rulings on the subject motions, this writ action is moot.

{¶2} Relator also did not comply with R.C. 2969.25(C) which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to

---

[1] The original respondent was former judge William Mahon. In a prior entry, this court recognized that presiding Judge Nancy A. Fuerst is the assigned judge to the underlying case and instructed the clerk to substitute Judge Nancy Fuerst as the respondent and to change the caption in this action accordingly. See Civ.R.25(D).

deny the writs, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842.

{¶3} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for writs of procedendo and mandamus. Relator to pay costs. This court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶4} Writs denied.

JAMES J. SWEENEY, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR