[Cite as *State ex rel. Corbin v. Saffold*, 2014-Ohio-1524.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100949

## STATE OF OHIO, EX REL.
## ROBERT CORBIN

RELATOR

vs.

## HONORABLE SHIRLEY
## STRICKLAND SAFFOLD

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writs of Mandamus, Procedendo, and Habeas Corpus
Motion No. 472631
Order No. 473487

**RELEASE DATE:** April 8, 2014

**FOR RELATOR**

Robert Corbin, pro se
No. 644-633, T.C.C.
P.O. Box 901
Leavittsburg, Ohio   44430

Robert Corbin, pro se
707 East 115th Street
Cleveland, Ohio   44108-000

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

**{¶1}** On January 30, 2014, the relator, Robert Corbin, commenced this extraordinary writ action, which he characterized as a complaint for mandamus, against the respondent, Judge Shirley Strickland Saffold. Corbin alternatively seeks to compel the judge to rule on a postconviction relief petition or to resolve a motion for jail-time credit or to obtain his release from prison pursuant to habeas corpus. On February 25, 2014, the respondent judge moved for summary judgment on the grounds of pleading defects and mootness. Corbin did not file a timely response. For the following reasons, this court grants the motion for summary judgment and denies the application for an extraordinary writ.

**{¶2}** In the underlying case, *State v. Corbin*, Cuyahoga C.P. No. CR-12-569929-A, Corbin pleaded guilty to breaking and entering, and on September 30, 2013, the trial judge sentenced him to 12 months in prison. In the corresponding October 2, 2013 journal entry, the trial judge did not award any jail-time credit. The docket for the underlying case shows that Corbin filed motions for jail-time credit on November 12, 2013, and January 31, 2014. The trial judge did not rule on these motions, and Corbin commenced the present writ action.

**{¶3}** In the complaint, Corbin avers that he filed a R.C. 2953.21 postconviction relief petition on January 10, 2014. The docket shows no filing on that date and no postconviction relief petition. Corbin further states that he has a clear, legal right to a ruling, that the judge has a clear, legal duty to rule on the motion, and that there is no

adequate remedy at law.[1] For relief he asks that this court "issue a procedendo against respondent granting the mandamus action herein * * *." Next, Corbin requests relief in habeas corpus. He asserts that he is entitled to nine-and-a-half months jail-time credit, and if that time was credited, his sentence would have expired weeks ago.

{¶4} The judge's summary judgment motion argues that Corbin seeks to compel a ruling on his motion for jail-time credit and that the mandamus action is moot because the judge ruled on that motion. Attached to the judge's dispositive motion is a copy of a certified February 11, 2014 journal entry stating: "Motion of defendant for credit for time served is granted." Normally, a ruling that does not specify the number of jail-time credit days does not resolve the subject motion. *State ex rel. Corder v. Wilson,* 68 Ohio App.3d 567, 589 N.E.2d 113 (10th Dist.1991), and Ohio Adm.Code 5120-2-04(B).

{¶5} However, in this case, it appears that the ruling rendered this case moot. An internet search of the Ohio Department of Rehabilitation and Correction's website on

---

[1] The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977).

February 4, 2014, showed that Robert Corbin was imprisoned at the Trumbull Correctional Institution and that his term expired on September 24, 2014. A search of the same website on March 21, 2014, showed that there were no records for Robert Corbin; he had been released. Therefore, Corbin has received his desired relief, a ruling on his motion and his release from prison. This matter is moot.

{¶6} Additionally, to the extent that Corbin endeavored to state a habeas corpus claim, his petition was defective. R.C. 2725.04(D) requires a habeas corpus petitioner to include a copy of the commitment or cause of detention; Corbin did not fulfill this requirement. Moreover, in a habeas corpus action, the proper respondent is the individual who has actual custody of the inmate, not the sentencing judge. Corbin failed to name the proper respondent. *Boyd v. McGinty,* 8th Dist. Cuyahoga No. 84476, 2004-Ohio-2704.

{¶7} Corbin also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the writ, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420; and *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378.

{¶8} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for an extraordinary writ. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶9} Writ denied.


_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR