[Cite as *State ex rel. Brown v. Barker*, 2014-Ohio-2065.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### Nos. 101030 and 101032

## STATE EX REL., JOHNNY BROWN

### RELATOR

vs.

## HONORABLE JUDGE PAMELA A. BARKER

### RESPONDENT

## JUDGMENT:
### WRIT DENIED

Writs of Mandamus and Procedendo
Motion Nos. 473165 and 473368
Order No. 474564

**RELEASE DATE:** May 13, 2014

**RELATOR**

Johnny Brown, pro se
#A650-168, T.C.I.
P.O. Box 901
Leavittsburg, Ohio 44430


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} On February 24, 2014, the relator, Johnny Brown, commenced these writ actions against the respondent, Judge Pamela A. Barker.[1] It is difficult to discern exactly what relief Brown seeks. In his complaint, he states that he seeks a writ of procedendo to compel the respondent judge to rule on an R.C. 2953.21 postconviction relief petition that he says he filed over three months ago in the underlying case, *State v. Brown*, Cuyahoga C.P. No. CR-11-554270-A. His demand for judgment states: "that this Court issue a procedendo against Respondent granting the mandamus action herein requiring Respondent to perform according to what the law or office requires by proceeding to judgment in this matter * * *." Next, Brown includes a petition for a writ of habeas corpus alleging that he is unlawfully imprisoned because "N/A jail time credit." He also attaches a proposed motion for 25 days of jail-time credit.

{¶2} On March 14, 2014, the respondent judge, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness and procedural defects. Attached to this dispositive motion was a copy of a certified, file-stamped February 28, 2014 journal entry granting Brown 25 days of jail-time credit. Brown did not file a timely response. For the following reasons, this court grants the judge's

---

[1] These two writ actions, *State ex rel. Brown v. Barker*, 8th Dist. Cuyahoga Nos. 101030 and 101032, are identical except Case No. 101032 includes an additional attachment, a proposed motion for jail-time credit. Thus, on April 10, 2014, this court consolidated the two cases for all purposes and specifically ordered that the respondent's motion for summary judgment would apply to both cases.

summary judgment motion and denies the applications for an extraordinary writ.

{¶3} To the extent that Brown seeks a writ of mandamus to compel the judge to grant him 25 days of jail-time credit, this action is moot.[2] First, the court notes that the docket of the underlying case shows that Brown never filed a motion for jail-time credit; thus, he did not make the requisite filing to compel a ruling. Nevertheless, the gravamen of his complaint is to obtain additional jail-time credit. The trial court rendered this issue moot by granting the desired additional credit. Furthermore, a review of the Ohio Department of Rehabilitation and Correction's website shows that Brown's release date has been moved from July 28, 2014, to July 1, 2014.

{¶4} To the extent that Brown seeks to compel a ruling on a postconviction relief petition, his complaint is ill-founded. A review of the docket in the underlying case shows that Brown never filed a postconviction relief petition. Thus, he has no right to a ruling, and the judge has no duty to rule or proceed to judgment on such a matter.

{¶5} To the extent that Brown seeks a writ of habeas corpus, his petition is defective. R.C. 2725.04(D) requires a habeas corpus petitioner to include a copy of the commitment or cause of detention; Brown did not fulfill this requirement. Moreover, in a habeas corpus action, the proper respondent is the individual who has actual custody of

---

[2] The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977).

the person, not the sentencing judge. Brown failed to name the proper respondent in the case caption. *Boyd v. McGinty,* 8th Dist. Cuyahoga No. 84476, 2004-Ohio-2704.

{¶6} Brown also did not comply with R.C. 2969.25(C) which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the writ, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; *State ex rel. Hunter v. Cuyahoga Cty Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420; and *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378.

{¶7} Accordingly, this court grants the respondent's motion for summary judgment and denies the applications for an extraordinary writ. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶8} Writs denied.

_____
PATRICIA ANN BLACKMON, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN A. GALLAGHER, J., CONCUR