[Cite as *State ex rel. Miller v. Saffold*, 2017-Ohio-5751.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105715**

**STATE OF OHIO, EX REL.
ROBERT MILLER**

RELATOR

vs.

**HONORABLE SHIRLEY STRICKLAND SAFFOLD**

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion No. 507075
Order No. 508114

**RELEASE DATE:**  July 3, 2017

**FOR RELATOR**

Robert Miller, pro se
Inmate No. 542-127
Allen Correctional Institution
P.O. Box 4501
Lima, Ohio   45802


**ATTORNEYS FOR RESPONDENT**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   James E. Moss
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

TIM McCORMACK, J.:

{¶1} On April 28, 2017, the relator, Robert Miller, commenced this mandamus action against the respondent Judge Shirley Strickland Saffold to compel a ruling on a motion for jail-time credit, which Miller filed on July 5, 2016, in the underlying case, *State v. Miller*, Cuyahoga C.P. No. CR-07-500918-A. On May 12, 2017, the respondent moved for summary judgment on the grounds of mootness. Attached to the dispositive motion was a copy of a May 8, 2017 journal entry granting 126 days of jail-time credit in the underlying case. This establishes that the relator has received his requested relief and that the action is, therefore, moot. *State ex rel. Corder v. Wilson*, 68 Ohio App.3d 567, 589 N.E.2d 113 (10th Dist.1991).

{¶2} Relator also did not comply with R.C. 2969.25©, which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420; and *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378 — the defect may not be cured by subsequent filings.

{¶3} Accordingly, the court grants the respondent's motion for summary judgment and denies the writ. Costs assessed against the relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶4} Writ denied.

TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, A.J., and

LARRY A. JONES, SR., J., CONCUR