[Cite as *State v. Buehler*, 2018-Ohio-4028.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107462**

## STATE OF OHIO

RESPONDENT

vs.

## PAUL BUEHLER

RELATOR

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion No. 520231
Order No. 521142

**RELEASE DATE:** October 3, 2018

[Cite as *State v. Buehler*, 2018-Ohio-4028.]
**FOR RELATOR**

Paul Buehler, pro se
Inmate No. 188462
Madison Correctional Institution
P.O. Box 740
London, Ohio   43140


**ATTORNEYS FOR RESPONDENT**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: James E. Moss
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

[Cite as *State v. Buehler*, **2018-Ohio-4028.**]
MARY J. BOYLE, P.J.:

{¶1} On July 18, 2018, Paul Buehler, commenced this mandamus action to compel the Cuyahoga County Common Pleas Court to provide him with accurate and certified copies of the jury verdict forms in the underlying case, *State v. Buehler*, Cuyahoga C.P. No. CR-85-199866-B. On August 15, 2018, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of impossibility and procedural defects. Buehler did not file a brief in opposition. For the following reasons, this court grants the state's motion for summary judgment and denies the application for a writ of mandamus.

{¶2} Attached to the state's dispositive motion is the affidavit of Judge Deena Calabrese. She swears that she is the assigned judge in the underlying case, that she and her bailiff have searched and reviewed the print and electronic documents and records in their possession related to the underlying case, and that they do not currently possess the completed jury verdict forms. The state also attached the affidavit of James P. Boyle, who is the Manager of the Criminal Division for the Clerk of Courts of the Cuyahoga County Common Pleas Court.[1] He swears that he has searched and reviewed all print and electronic documents and records in the underlying case in possession of the Clerk's Office and that the office does not currently possess any completed jury verdict forms in the underlying case.

---

[1]James Boyle is not related to Eighth District Court of Appeals Judge Mary J. Boyle.

**{¶3}** These affidavits establish that the respondent does not have the requested jury forms. The writ of mandamus will not issue to compel a custodian of public records to furnish records which are not in his possession or control. *State ex rel. Fant v. Mengel,* 62 Ohio St.3d 197, 580 N.E.2d 1085 (1991), and *State ex rel. Hubbard v. Fuerst,* 8th Dist. Cuyahoga No. 94799, 2010-Ohio-2489.

{¶4} The petition is defective because it is improperly captioned. Buehler styled this petition as "State of Ohio v. Paul Buehler — Motion for writ of mandamus." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962). Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent. This court has held that this deficiency alone also warrants dismissal. *State ex rel. Calloway v. Court of Common Pleas of Cuyahoga Cty.,* 8th Dist. Cuyahoga No. 71699, 1997 Ohio App. LEXIS 79452 (Feb. 27, 1997); and *Jordan v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. Cuyahoga No. 96013, 2011-Ohio-1813. Additionally, mandamus may not be commenced by motion. *Myles v. Wyatt*, 62 Ohio St.3d 191, 580 N.E.2d 1080 (1991).

{¶5} Buehler also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420; and *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378 — the defect may not be cured by subsequent filings.

**{¶6}** Accordingly, this court grants the motion for summary judgment and denies the application for a writ of mandamus. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶7}** Writ denied.

_____
MARY J. BOYLE, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR