[Cite as *State ex rel. Wolfenbarger v. Mohr*, 2019-Ohio-3739.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Michael A. Wolfenbarger, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 18AP-508 |
| | : | |
| Gary C. Mohr, ODRC Director et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on September 17, 2019

*Michael A. Wolfenbarger,* pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondents.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

NELSON, J.

{¶ 1} The central issue in this case has boiled down to whether the Ohio Department of Rehabilitation and Correction ("ODRC," or "the department") is precluded from directing that where possible, inmates seeking to file grievances about the operation of the prison system do so electronically through computer kiosks provided for that purpose. Relator Michael A. Wolfenbarger points to no language in law or regulation that bars implementation of that preferred electronic approach: he has not met his legal burden in this matter and is not entitled to the relief that he seeks.

***Procedural Background and Facts***

{¶ 2}    After ODRC replaced its paper-based grievance procedure with the electronic system, Mr. Wolfenbarger filed this mandamus action alleging that ODRC respondents had eliminated its grievance procedure in violation of his constitutional rights and of the officials' "legal duty" under various administrative regulations.    June 22, 2018 Petition at ¶ 9.    Asserting that he had been denied the appropriate grievance forms (sought, we shall assume he means, in order actually to file a grievance), he requested that we issue a writ directing the ODRC respondents to make available to him what he considers the appropriate inmate grievance procedure.    *Id.* at ¶ 5 and prayer for relief. We referred the case to a magistrate pursuant to Civil Rule 53 and Local Rule 13(M) of the Tenth District Court of Appeals.

{¶ 3}    The matter was briefed and the magistrate granted the unopposed motion of one respondent (the director of administrative services) to dismiss him from the case.    In due course, the magistrate issued a decision that is appended to this opinion and to which Mr. Wolfenbarger has filed objections.    She determined that Mr. Wolfenbarger has not demonstrated "that he has a clear legal right to file grievances on paper or that ODRC has a clear legal duty to revert back to a paper grievance system." App'x at ¶ 31. Mr. Wolfenbarger has objected to that and to other of the magistrate's conclusions; he asks that we grant the requested writ rather than denying his request as the magistrate recommends. *See* Relator Objection to the Magistrate Decision ("Objections") at 3, 5.

{¶ 4}    Pursuant to Civil Rule 53(D)(4)(d), we "undertake an independent review as to the objected matters to ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law."    Because our independent review leads us to determine that mandamus is not warranted, we adopt the magistrate's ultimate recommendation and deny the requested writ.

{¶ 5}    Mr. Wolfenbarger's post-petition filings make clear that while he concedes the existence of the electronic grievance system, he maintains that department regulations mandate that paper filings be permitted instead.  *See, e.g.,* Objections at 3 ("[u]nder ODRC policy [citing Ohio Adm.Code 5120-9-31], the respondent is under a legal duty to provide the relator * * * paper grievance forms"), 4 (objecting to "the magistrate decision [that]

relator has not demonstrated that ODRC abused its discretion when it instituted an electronic grievance filing system at the prison").

{¶ 6}   In this vein, Mr. Wolfenbarger himself directs our attention to his exhibit 3, a letter from the General Assembly's Correctional Institution Inspection Committee offering its observations on "the new grievance process." Objections at 3; Relator Ex. 3 at 1. That letter refers to statistics showing "that inmates are utilizing the grievance procedure now more than before, with this kiosk machine process, rather than when inmates were using the paper forms." Relator Ex. 3 at 1. It continues by saying that "[t]he office of the inspector at the Marion Correctional Institution also revealed that if inmates have trouble utilizing the grievance procedure, they will assist them in the filing process." *Id.* And it goes on to say that if inmates do not have access to the kiosk machines, paper forms will still be available, *id.*, and to advise that the "Inspector can assist with helping inmates to file their complaints, as well as ensuring that inmates can get hard copies of the complaints and responses," *id.* at 2.

{¶ 7}   We note that nothing in Mr. Wolfenbarger's complaint or in his subsequent filings specifically alleges or suggests that he lacks access to or ability to use the electronic system, or that there is some other impediment to his effective use of that system.

**Law and Analysis**

{¶ 8}   We agree with the magistrate that Mr. Wolfenbarger "has not alleged any facts that demonstrate that his right to file grievances has been denied." App'x at ¶ 30. And we find that Mr. Wolfenbarger is incorrect in his view that R.C. 5120.01 and Ohio Administrative Code 5120-9-31 separately or together mandate that he be provided with "paper grievance forms" nonetheless. *See* Objections at 3. Neither the statute nor the regulation that Mr. Wolfenbarger invokes mentions "paper," or precludes the kiosk system where available.

{¶ 9}   Rather, R.C. 5120.01 sets forth the authority of the director of rehabilitation and correction and provides that all duties that she or he confers on divisions of the department "shall be under the director's control" and performed under the rules and regulations that the director sets forth.

{¶ 10} And the Administrative Code section (even as in effect when Mr. Wolfenbarger filed his mandamus complaint) establishes the grievance process but does

not militate against the kiosk system. It requires that the department "shall provide inmates with access to an inmate grievance procedure" to "address inmate complaints related to any aspect of institutional life that directly and personally affects the grievant. This may include complaints regarding the application of policies, procedures, conditions of confinement, or the actions of institutional staff." 2017 Ohio Adm.Code 5120-9-31(A). It further defines the parameters of the process (subsection B); directs that written explanations and instructions for its use be provided (subsection C); requires its broad availability (subsection D); establishes restrictions on and sanctions for its misuse (subsections E and F); protects against retaliation for its use (subsections G and H); safeguards the confidentiality of grievance records (subsection I); provides that "[o]nly forms designated by the chief inspector may be used to file * * * grievances," ensuring that "[s]uch forms shall be reasonably available to inmates regardless of their disciplinary status or classification," and that "[i]nmates shall not be required to advise a staff member, other than the inspector of institutional services, of the reason the form is being requested" (subsection J); outlines the steps and timing of the written grievance process (subsection K); mandates that appropriate remedies be provided for valid grievances (subsection L); and designates specific procedures for grievances against the warden or inspector (subsection M). 2017 Ohio Adm.Code 5120-9-31.

{¶ 11} Apart from his generalized complaint as to the medium for the writing required—apart from his argument, that is, with the new electronic as opposed to the old paper filing process—Mr. Wolfenbarger does not contend that any of these specifications has been disregarded or breached.

{¶ 12} We agree with the magistrate that Mr. Wolfenbarger has been "unable to demonstrate that he has a clear legal right to file grievances on paper or that ODRC has a clear legal duty to revert back to a paper grievance system." App'x at ¶ 31. Mr. Wolfenbarger does not even attempt to suggest that making filings through the electronic kiosk system is beyond his grasp, or to explain how he has been divested of some constitutionally protected liberty interest. *See, e.g., State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479 (1997) ("state regulatory schemes do not create a constitutionally protected liberty interest merely because regulations incorporate seemingly mandatory language"). Nor does he begin to demonstrate that the administrative code section he cites enshrines a mandate that inmates

must be permitted to use paper grievance forms even when electronic submission by computer is available to them and they are able to use that process.

{¶ 13} Mr. Wolfenbarger appears to try to stretch the various references to "forms" in former Ohio Adm.Code 5120-9-31(J) as quoted above into an exclusion of all but "paper forms," see Objections at 3, but the code provision itself didn't draw or command that distinction. Forms can be either paper or electronic, and forms of either variety are capable of being "used to file * * * grievances," made "reasonably available to inmates," or requested from or shared with staff members. Nothing in that subsection translates into language vesting Mr. Wolfenbarger with a "clear legal right" to paper forms, especially absent any particularized showing of need that Mr. Wolfenbarger does not even claim. Correspondingly, nothing in that language outlaws the kiosk system or creates a "clear legal duty" in prison officials to provide paper forms in the circumstance shown here.

{¶ 14} And in any event, the language of that regulatory subsection was amended effective April 5, 2019 (while still leaving authority with the chief inspector). Redesignated as 5120-9-31(I), the subsection now reads: "Only the grievance process designated by the chief inspector may be used to file * * * grievances * * *. Such process shall be reasonably available to inmates regardless of their disciplinary status or classification. Inmates shall not be required to advise a staff member, other than the inspector of institutional services, of the reason the process is being initiated." Again, this language does not support the mandamus relief that Mr. Wolfenbarger requests in insisting on "paper forms"; indeed, the current formulation of the regulations—the regulations that inform the process today—provides even less of an argument for mandamus than did the previous iteration, assuming that the specific details of either version have conferred enforceable rights to Mr. Wolfenbarger, *compare Larkins*; *Triplett v. Warren Corr. Inst.*, 10th Dist. No. 12AP-728, 2013-Ohio-2743 (regarding certain other prison regulations on other matters).

{¶ 15} In sum, nothing in law or regulation prevents the department from having grievances funneled and organized through the electronic filing system, absent facts not alleged here. And aside from his administrative code argument that we do not find persuasive, Mr. Wolfenbarger has not essayed a showing that "ODRC abused its discretion when it instituted" the electronic filing system, see Objections at 4; we overrule that objection to any extent that it is intended as separate from his objection—which we overrule

as well—to the magistrate's bottom line conclusion that he has not shown a clear legal right to use paper grievance forms, and that ODRC officials have no clear legal duty to provide him with such forms in lieu of the electronic counterparts.

{¶ 16} Because Mr. Wolfenbarger's own legal arguments and evidence do not bear out his mandamus case (and we note that his exhibit 2 relates to ODRC employee grievances, and that Mr. Wolfenbarger is not an ODRC employee) , we need not explore the evidence to which Mr. Wolfenbarger objects as submitted by the ODRC officials. That evidence, which to some extent may parallel the letter submitted by Mr. Wolfenbarger as his own exhibit E, is extraneous because Mr. Wolfenbarger concedes the existence of the kiosk electronic filing system and does not contend that he is unable to use it. In that context, the allegations of his complaint as supplemented by his further submissions do not show entitlement to the relief he requests. *See, e.g., State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983) (as cited by magistrate: for writ of mandamus, relator must show a clear legal right to relief sought, a clear legal duty by respondent to perform the act requested, and that relator has no plain and adequate remedy in the ordinary course of the law).

{¶ 17} Somewhat relatedly, perhaps, Mr. Wolfenbarger further objects that the magistrate erred in not holding the ODRC respondent(s) in contempt for failing to meet deadlines stated in the magistrate's scheduling order of July 26, 2018. Objections at 4 (probably referencing July 23, 2018 order). The record shows that the magistrate stayed the briefing schedule in order to rule on a party's motion to dismiss, and that she set a new briefing schedule. *See* Magistrate's Orders of August 14 and Sept. 26, 2018. There is no reason to penalize a party for failing to comply with deadlines in a superseded scheduling order. Moreover, the motion to dismiss the director of the department of administrative services, to which Mr. Wolfenbarger seems to say he "was never given any opportunity" to respond, Objections at 4, was filed on August 1, 2018 (in advance of the earlier briefing date), and Mr. Wolfenbarger had not responded to it when the magistrate granted it, unopposed, almost two months later. *See* Magistrate's Order of September 26, 2018. (Mr. Wolfenbarger does not argue now that the director of the department of administrative services could have provided him with the relief that he seeks, or that the DAS official's dismissal was in error; he did not argue against that dismissal at the time, or move to set it

aside, and it stands.) Mr. Wolfenbarger had no entitlement to a contempt order against any respondent or counsel in any event, and such an order would not have made his mandamus case any stronger. For a host of reasons, that objection is overruled.

{¶ 18} Mr. Wolfenbarger also objects that the magistrate "fail[ed] to adjudicate whether or not the relator has a plain and adequate remedy in the ordinary course of law [under] R.C. 2731.05." Objections at 5. But because "all three" of the requirements for mandamus must be shown for a writ to issue, the failure to demonstrate one of them is sufficient to deny the writ. *State ex rel. McGrath v. Ohio Adult Parole Auth.*, 8th Dist. No. 82287, 2003-Ohio-1969, ¶ 5. Mr. Wolfenbarger has failed to demonstrate either a clear legal right to file grievances on paper or a clear legal duty on the part of ODRC officials to reinstate a paper-based grievance process, so this objection, too, is overruled.

{¶ 19} We turn, lastly, to Mr. Wolfenbarger's objection to the magistrate's recommendation that because he "did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings." Objections at 1; App'x at ¶ 32. Although Mr. Wolfenbarger's filing of his affidavit of indigency entitled him only to a waiver for "prepayment" of the filing fee under R.C. 2969.25(C), we have discretion as to whether to order a prison inmate to pay costs in a losing mandamus action. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507. In light of the relatively recent change in the grievance filing process and given the significance of that process in and to the prison system, costs on this occasion are waived.

{¶ 20} Mr. Wolfenbarger has shown no basis for the writ of mandamus that he requests. For the reasons set forth above, we deny the writ.

*Writ of mandamus denied.*

BRUNNER and BEATTY BLUNT, JJ., concur.

———————————————

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

The State ex rel. Michael A. Wolfenbarger,    :

      Relator,    :

v.    :    No. 18AP-508

Gary C. Mohr ODRC Director et al.,    :    (REGULAR CALENDAR)

      Respondents.    :

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on March 21, 2019

*Michael A. Wolfenbarger,* pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondents.

### IN MANDAMUS

{¶ 21} Relator, Michael A. Wolfenbarger, has filed this original action requesting this court issue a writ of mandamus ordering respondent Gary C. Mohr as the Director of the Ohio Department of Rehabilitation and Correction ("ODRC") to permit him to continue filing grievances on paper instead of requiring him to file his grievances electronically.

Findings of Fact:

{¶ 22} 1. Relator is an inmate currently incarcerated at Marion Correctional Institution.

{¶ 23} 2. Relator filed this mandamus action on June 22, 2018.

{¶ 24} 3. According to his complaint, respondent informed relator and other inmates that inmate grievances would no longer be filed and processed on paper; instead, an electronic inmate grievance procedure had been instituted whereby inmates, including relator, could file their grievances electronically.

{¶ 25} 4. Relator argues that this change in the grievance procedure denies him his constitutional right to pursue institutional grievances. Inasmuch as Ohio Adm.Code 5120-9-31 provides that inmates will be provided forms on which to file their grievances, relator contends that ODRC is required to continue to use those forms, and is precluded from being able to provide for the filing of grievances electronically.

{¶ 26} 5. Respondent has submitted the affidavit of Pamela Shaw, administrative assistant, ODRC-MCI, who is employed as the administrative assistant for the warden at MCI. With regard to the new procedure for the filing of grievances, Ms. Shaw provides as follows:

> [Five] On or about November 6, 2017, MCI, upon direction of the ODRC's central administrative office, the Operation Support Center, implemented the *JPAY* Grievance System. Please see Notice, Attch. 1, at p. 1.

> [Six] The JPAY Grievance Kiosk, also known as the JPAY Grievance System and Communication Center, "provides inmates with the ability to submit a grievance and manage the process [electronically] from the inmate kiosk, and allow[s] staff members to sort, view and respond to grievances and monitor the timeframe and status of open items." Please see *JPAY* Training Guide, Att.2, at p. 2.

> [Seven] Rather than using paper forms such as Informal Complaint Resolutions, Notices of Grievance, and Appeals to the Chief Inspector, inmates are now provided access to an electronic *JPAY* Grievance Kiosk.

> [Eight] The aforementioned paper forms required the inmate to handwrite their concerns on the form and submit it to the appropriate MCI staff member. For Appeals to the Chief Inspector, the forms had to be sent to the Chief Inspector's Office in Columbus, Ohio. The new system improves the process for both inmates and staff.

> [Nine] A notice was posted in each housing unit informing the inmates of the new grievance system. Certain inmates in each

housing unit were designated to assist other inmates in using the new system. See Notice, Attachment 1, at pp. 2-6.

[Ten] Following the implementation of the *JPAY* Grievance System, grievance forms were removed from the housing units because they were no longer needed to submit grievance materials.

[Eleven] At the time the *JPAY* Grievance System was implemented, inmate Wolfenbarger was housed in the Maple Unit 1-Dorm (MA/1/19). There was an inmate in that housing area that was designated to assist other inmates when using the system. Please see Offender Detail, Movement History, Attachment 3, at p. 5 and Notice, Attachment 1, at p. 3.

[Twelve] The dorms at MCI are open areas containing bunk beds. For most of any given day, inmates living in a dorm environment can walk around the dorm and freely communicate with other inmates.

[Thirteen] At no time were any of MCI's inmates prevented from using the *JPAY* Grievance System with the possible exception of any inmates on grievance restriction due to abusing the grievance system for illegitimate purposes except when the complaint constituted an emergency.

[Fourteen] Inmate Wolfenbarger was not on grievance restriction, accordingly, could have used the *JPAY* Grievance System.

[Fifteen] Pursuant to a request by the Ohio Attorney General's Office, a review of the MCI Warden's and undersigned Administrative Assistant's kite logs ("kites" are used by inmates for internal written communication to staff) from October 1, 2017 to July 18, 2018 was conducted. According to those logs, inmate Wolfenbarger did not kite the Warden or undersigned Administrative Assistant on his claimed grievance issue or any other issue.

[Sixteen] To the best of my knowledge and belief, inmate Wolfenbarger suffers from no medical or mental disorders that would prevent him from using the JPAY Grievance System.

[Seventeen] During his incarceration at MCI, he has worked as a Porter, Laundry Attendant, Program Aide, Food Service

Worker, and Cook. Please see Offender Detail, Job Information, Attachment 3, at p.p. 3-4.
[Eighteen] Inmate Wolfenbarger has demonstrated he is able to use *JPAY* Grievance System. On September 18, 2018, he used it to submit an Informal Complaint. Please see Attachment 4.

[Nineteen] The attached documents, with the exception of any redactions or notations made by the Ohio Attorney General's Office, are true and accurate copies of documents kept within the normal course of business by ODRC and MCI.

Conclusions of Law:

{¶ 27} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 28} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 29} Relator argues that ODRC has acted contrary to law by instituting an electronic grievance system. Relator asserts that, because Ohio Adm.Code 5120-9-31 provides for the filing of inmate grievances on paper, ODRC is required to continue to maintain a paper grievance system.

{¶ 30} Prison regulations like Ohio Adm.Code 5120-9-31 are primarily designed to guide correctional officials in prison administration and do not confer rights on inmates. *See State ex rel. Larkins v. Wilkinson,* 79 Ohio St.3d 477 (1997), and *Triplett v. Warren Corr. Inst.,* 10th Dist. No. 12AP-728, 2013-Ohio-2743. Relator has not alleged any facts that demonstrate that his right to file grievances has been denied. In fact, in her affidavit, Ms. Shaw stated that relator has availed himself of the electronic grievance system. Furthermore, Ms. Shaw attached a copy of that grievance and the reply to the grievance received by relator. As such, it is clear that relator is not being denied his right to file grievances.

{¶ 31} Relator is unable to demonstrate that he has a clear legal right to file grievances on paper or that ODRC has a clear legal duty to revert back to a paper grievance

system. Relator simply has not met his burden of proving that he is entitled to a writ of mandamus.

{¶ 32} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that ODRC abused its discretion when it instituted an electronic grievance filing system at the prison, and this court should deny relator's request for a writ of mandamus. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).