[Cite as *State ex rel. Cockroft v. McIntosh*, 2016-Ohio-4639.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Anthony Cockroft, | : | |
| Relator, | : | |
| | : | No. 15AP-874 |
| v. | : | (REGULAR CALENDAR) |
| Judge Stephen L. McIntosh, | : | |
| Respondent. | : | |

---

D E C I S I O N

Rendered on June 28, 2016

---

*Anthony Cockroft,* pro se.

---

IN PROCEDENDO

BROWN, J.

{¶ 1} Relator, Anthony Cockroft, an inmate at the Pickaway Correctional Institution, has filed an original action requesting that this court issue a writ of procedendo ordering respondent, the Honorable Stephen L. McIntosh, judge of the Franklin County Court of Common Pleas, "to rule on the Motion for a Final Appealable Order in accordance with Criminal Rule 32(C) filed January 2, 2015."

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. On March 24, 2016, the magistrate issued the appended decision, including findings of facts and conclusions of law, recommending that this court deny the request for a writ of procedendo and dismiss the case on the basis that the merits of the procedendo complaint/petition have been

rendered moot because respondent has already performed the act which relator sought to compel. No objections have been filed to that decision.

{¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts that decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we hereby deny relator's request for a writ of procedendo and dismiss this action.

*Writ of procedendo denied; action dismissed.*

KLATT and SADLER, JJ., concur.

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Anthony Cockroft, | : | |
| Relator, | : | |
| v. | : | No. 15AP-874 |
| Judge: Stephen L. McIntosh, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 24, 2016

---

*Anthony Cockroft,* pro se.

---

IN PROCEDENDO
ON MOTION

{¶ 4}   Relator, Anthony Cockroft, has filed this original action requesting that this court issue a writ of procedendo ordering respondent, the Honorable Stephen L. McIntosh, judge of the Franklin County Court of Common Pleas, to "rule on the Motion for a Final Appealable Order in accordance with Criminal Rule 32(C) filed January 2, 2015."

<u>Findings of Fact</u>:

{¶ 5}   1. Relator is an inmate currently incarcerated at Pickaway Correctional Institution.

{¶ 6}   2. In 2003, relator was indicted on one count of aggravated robbery, in violation of R.C. 2911.01, one count of aggravated murder with specifications, in violation of R.C. 2903.01, one count of attempted murder, in violation of R.C. 2903.02, and one count of tampering with evidence, in violation of R.C. 2921.12.

{¶ 7}   3. Following a jury trial, relator was found guilty as charged in the indictment.

{¶ 8}   4. Relator filed a direct appeal to this court and this court affirmed the trial court's judgment. *State v. Cockroft,* 10th Dist. No. 04AP-608, 2005-Ohio-748 (*"Cockroft I"*).

{¶ 9}   5. Subsequently, in *In re Crim. Sentencing Statutes Cases,* 109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 35, the Supreme Court of Ohio remanded the case to the trial court for resentencing pursuant to *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856.

{¶ 10} 6. A new sentencing hearing was held in June 2006.   The trial court imposed the same sentences that had originally been imposed but did not mention post-release control during the hearing.

{¶ 11} 7. The judgment entry journalizing relator's sentence was filed on June 16, 2006.

{¶ 12} 8. Following the resentencing, relator again appealed to this court and we affirmed.  *State v. Cockroft,* 10th Dist. No. 06AP-752, 2007-Ohio-2217 (*"Cockroft II"*).  9. The Supreme Court of Ohio refused relator's discretionary appeal in *State v. Cockroft,* 115 Ohio St.3d 1412, 2007-Ohio-4884.

{¶ 13} 10. On March 4, 2013, relator filed a motion for resentencing with the trial court arguing that the court had failed to impose a mandatory term of post-release control during the 2006 resentencing period.

{¶ 14} 11. The trial court denied relator's motion and relator appealed to this court.

{¶ 15} 12. In *State v. Cockroft,* 10th Dist. No. 13AP-532, 2014-Ohio-1644 (*"Cockroft III"*), this court determined that the trial court was required to notify relator of post-release control.  In that regard, this court specifically stated:

> [Relator] contends that he is entitled to de  novo resentencing. He is mistaken. Both [relator's] original sentencing and resentencing occurred before July 11, 2006, which was the enactment date of R.C. 2929.191. R.C. 2929.191 "provides courts with a procedure to correct post-release control errors. * * * In 2009, the Supreme Court held that R.C. 2929.191 only applies retrospectively to those offenders sentenced after its July 2006 enactment." [*State v.*

*Wilcox,* 10th Dist. No. 13AP-402, 2013-Ohio-4347] at ¶ 6. Thus, R.C. 2929.191 does not apply to [relator]. In *Wilcox,* we observed:

In [*State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238], the [Supreme Court of Ohio] considered sentences lacking post-release control notification that were imposed prior to the effective date of R.C. 2929.191. In so doing, the court determined that such sentences were only partially void, and could be corrected to properly impose post-release control with a limited sentencing hearing. * * * Therefore, a sentence lacking post-release control notification does not entitle a criminal defendant to a de novo sentencing hearing; rather, the defendant is entitled to be resentenced only on the post-release control portion of his or her sentence.

*Id.* at ¶ 7, citing *Fischer* at ¶ 10, 28-29. Accordingly, [relator] is only entitled to be resentenced regarding the postrelease control portion of his sentence.

Finally, we note "that an individual sentenced for aggravated murder is not subject to post-release control because that crime is an unclassified felony to which the post-release control statute does not apply." *Id.* at ¶ 10, citing *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 36, 893 N.E.2d 462, citing R.C. 2967.28. However, "[w]hen a defendant has been convicted of both an offense that carries mandatory post-release control and an unclassified felony to which post-release control is inapplicable, the trial court's duty to notify of post-release control is not negated." *Id.,* citing *State v. Brown*, 8th Dist. No. 95086, 2011-Ohio-345, ¶ 8, citing *State v. Taylor*, 2d Dist. No. 20944, 2006-Ohio-843.

**IV. CONCLUSION**

Accordingly, [relator's] assignment of error is sustained to the extent explained above, and the judgment of the Franklin County Court of Common Pleas is reversed. We remand this case for resentencing limited to properly imposing postrelease control as part of [relator's] sentence consistent with the mandates of the law and this decision.

*Id.* at ¶ 21-23.

{¶ 16} 13.  In this court's judgment entry, the trial court was instructed as follows:

> For the reasons stated in the decision of this court rendered herein on April 17, 2014, [relator's] assignment of error is sustained to the extent [relator] is entitled to be resentenced regarding the postrelease control portion of his sentence. It is the judgment and order of this court that the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court with instructions for further proceedings in accordance with law and consistent with said decision. Costs assessed to appellee.

{¶ 17} 14.  On July 11, 2014, the trial court held a hearing to advise relator regarding post-release control.

{¶ 18} 15.  That same day, the trial court filed the following notice which was signed by both relator and his defense counsel:

> The Court hereby notifies the Defendant as follows:
>
> Post-Release Control,
>
> After you are released from prison, you (will, ~~may~~) have a period of post-release control for __5__ years following your release from prison. If you violate post-release control sanctions imposed upon you, any one or more of the following may result:
>
> (1) The Parole Board may impose a more restrictive post-release control sanction upon you: and
>
> (2) The Parole Board may increase the duration of the post-release control subject to a specified maximum; and
>
> (3) The more restrictive sanction that the Parole Board may impose may consist of a prison term, provided that the prison term cannot exceed nine months and the maximum cumulative prison term so imposed for all violations during the period of post-release control cannot exceed one-half of the stated prison term originally imposed upon you; and
>
> (4) If the violation of the sanction is a felony, you may be prosecuted for the felony and, in addition to any sentence it imposes on you for the new felony, the Court may impose a prison term, subject to a specified maximum, for the violation.

I hereby certify that the Court read to me, and gave me in writing, the notice set forth herein.

{¶ 19} 16. On January 2, 2015, relator filed his motion for a final appealable order requesting the following:

[T]o issue defendant a Final Appealable Order: where the sentencing journal entry which specifically contains the specifics of defendant's re-sentencing hearing: lacks in total, "The Fact Of Conviction."

{¶ 20} 17. On January 22, 2015, the trial court filed the following entry:

On April 17, 2014 the Tenth District Court of Appeals remanded this matter to the trial court for resentencing limited to properly imposing post release control (PRC) consistent with the mandates of the law and its decision. On July 11, 2014 this court held a hearing to advise the defendant regarding post release control. The matter was held in open court with the defendant present. The defendant was represented by Attorney Joseph Scott and the state was represented by Prosecutor Kimberly Bond. At the hearing the court advised the defendant that he had a mandatory period of five (5) years post release control and the potential consequences for violating his PRC. The defendant then signed a notice acknowledging what was explained in court. Thereupon the hearing was concluded.

{¶ 21} 18. On April 30, 2015, relator filed a motion to compel ruling requesting that the court:

[M]ake a ruling on defendant's Motion for a Final Appealable Order in accordance with Criminal Rule 32(C) filed on January 2, 2015.

Pursuant to Ohio Superintendence Rule 40(A)(3), defendant wishes to bring to the attention of the court, the matter that is pending and requires a decision.

{¶ 22} 19. On May 20, 2015, relator filed a motion to strike his April 30, 2015 motion to compel ruling noting that it had been filed prematurely. Relator concluded by requesting the following:

Defendant ask [sic] this Court to disregard his April 30, 2015, Motion to Compel Ruling. Also, to reflect upon the

record that the 120 day deadline for the Trial Court to
answer defendant's Motion to Compel ruling is May 12, 2015,
and that defendant's Motion for a Final Appealable Order to
be address [sic] to Judge McIntosh.

{¶ 23} 20. Thereafter, on September 17, 2015, relator filed this procedendo action.

{¶ 24} 21. On October 5, 2015, the trial court put on the following order:

On April 30, 2015, the Defendant filed a Motion to Compel
Ruling. The Defendant filed a duplicate motion on April 30,
2015. On May 20, 2015, the Defendant filed a Motion to
Strike Defendant's April 30, 2015, Motion to Compel Ruling.
Therefore, the motions filed on April 30, 2015, are **moot** by
virtue of the most recent motion.

(Emphasis sic.)

{¶ 25} 22. On February 22, 2016, relator filed a motion for default judgment.

{¶ 26} 23. The matter is currently before the magistrate.

Conclusions of Law:

{¶ 27} For the reasons that follow, this court should dismiss relator's procedendo action.

{¶ 28} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.*

{¶ 29} An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 30} Procedendo is an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).

{¶ 31} On April 17, 2014, this court remanded relator's underlying criminal case to the trial court and ordered that court to resentence relator solely regarding the post-release control portion of his sentence.  Pursuant to this court's judgment entry, respondent held a hearing on July 11, 2014 and advised relator regarding his post-release control.  That same day, relator signed and the trial court filed a notice informing relator that he would have a period of post-release control for five years following his release from prison.  The notice also informed relator of the potential consequences if he violated those post-release control sanctions.

{¶ 32} On January 2, 2015, relator filed the motion which is the subject of this procedendo action asking respondent:

> [T]o issue defendant a Final Appealable Order: where the sentencing journal entry which specifically contains the specifics of defendant's re-sentencing hearing: lacks in total, "The Fact Of Conviction."

{¶ 33} Twenty days later, on January 22, 2015, the trial court filed an entry memorializing the fact that respondent had held a hearing as ordered by this court on July 11, 2014 and advised relator that he had a mandatory period of five years post-release control and the potential consequences of violating his post-release control.

{¶ 34} Respondent has performed the act which this court ordered respondent to perform and, in so doing, has already performed the act which relator seeks to compel by way of his procedendo action.  A writ of prohibition will not issue where the respondent has performed the act which relator seeks to compel.  Because respondent has performed the act relator seeks to compel, the matter is moot.

{¶ 35} Based on the foregoing, it is this magistrate's decision that this court should deny relator's request for a writ of procedendo and dismiss this case, because respondent had timely ruled on his motion, the magistrate recommends that costs be assessed against relator.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).