[Cite as *State ex rel. Jones v. State*, 2020-Ohio-5523.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James Jones, | : | |
| Relator, | : | |
| v. | : | No.  20AP-204 |
| State of Ohio, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on December 3, 2020

*James Jones,* pro se.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

NELSON, J.

{¶ 1} Relator James Jones entered a guilty plea to one count of trafficking in cocaine in violation of R.C. 2925.03.  *See* May 17, 2019 Judgment Entry, Franklin C.P. No. 18CR-3064.  He later filed an original action here seeking a writ of mandamus ordering the Franklin County Court of Common Pleas to rule on his September 20, 2019 motion to vacate or set aside that judgment.  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. On April 14, 2020, the magistrate rendered the decision, including findings of fact and conclusions of law, that we append.   Mr. Jones has filed an objection to the magistrate's decision. Pursuant to Civ.R. 53(D)(4)(d), we undertake "an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."

{¶ 2} The magistrate recommends dismissing the action because Mr. Jones failed to comply with R.C. 2969.25(C), which states: " If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing

fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency." The inmate must also attach "a statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." R.C. 2969.25(C)(1). Although Mr. Jones filed an affidavit, the magistrate notes that he "failed to attach thereto a copy of the amounts in his inmate account as certified by the institutional cashier for the six months preceding the date he filed this mandamus action." April 14, 2020 Magistrate's Decision at 1. Because compliance with the statutory requirements is "mandatory" and Mr. Jones "cannot cure this deficiency now or at a later date," the magistrate recommends dismissing the action. *Id.* at 2-3.

{¶ 3}  In his objections, Mr. Jones concedes that he "cannot cure this deficiency by attempting to comply with the statutory requirements after the fact," but argues that the statute should not operate as "a shield to protect the blameworthy." May 11, 2020 Objection at 1. He essentially argues that compliance with the statute should be selective, as a matter of judicial discretion, and not enforced in his particular case; he argues that R.C. 2969.25(C) should "be applied in particular situations as fairness and justice require, and that it is not to be applied to[o] rigidly as to defeat the ends of justice." *Id.* Thus, he argues that the trial court's "lack of action" in ruling on his motion should excuse his failure to meet the requirements of R.C. 2969.25(C). *Id.*, citing Sup.R. 40(A)(3).

{¶ 4}  Our independent review of this matter leads us to the same conclusion as that reached by the magistrate. In the affidavit he filed with the complaint, Mr. Jones avers that he is "without the necessary funds to pay the costs of this action" because he "only receive[s] twelve dollars ($12) per month in State Pay, and [has] no other means or assets." April 8, 2020 Affidavit of Indigence. Yet he provides no "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier," as required by R.C. 2969.25(C)(1). Under governing precedent, this defect "warrant[s] dismissal of the complaint." *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, ¶ 5 (relator's "cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint," as required by R.C. 2969.25(C)(1)).

{¶ 5} We note that even if Mr. Jones had properly complied with the statute, the trial court has overruled the motion to vacate since he filed this action. *See* May 13, 2020 Decision and Entry Denying Defendant James Jones' Motion to Vacate or Set Aside Judgment Filed September 20, 2019, Franklin C.P. No. 18CR-3064. His request for a writ of mandamus therefore would be moot. *See State ex rel. Cockroft v. McIntosh*, 10th Dist. No. 15AP-874, 2016-Ohio-4639, ¶ 34 (denying request for writ of procedendo and dismissing action as moot, as trial court had "performed the act which this court ordered respondent to perform and, in so doing, has already performed the act which relator seeks to compel by way of his procedendo action").

{¶ 6} We overrule Mr. Jones's objection and accept the magistrate's recommendation to dismiss this action, although we decline the recommendation to order Mr. Jones to pay costs. In all other respects we adopt the magistrate's decision. We dismiss the action.

*Objection overruled; action dismissed.*

SADLER, P.J., and DORRIAN, J., concur.

_____

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James Jones, | : | |
| Relator, | : | |
| v. | : | No. 20AP-204 |
| State of Ohio, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 14, 2020

*James Jones,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 7} Relator, James Jones, has filed this original action requesting this court issue a writ of mandamus ordering respondent, a judge of the Franklin County Court of Common Pleas, to rule on the motion to vacate which relator filed in his underlying criminal case on September 20, 2019.

Findings of Fact:

{¶ 8} 1. Relator is an inmate currently incarcerated at Noble Correctional Institution.

{¶ 9} 2. On April 8, 2020, relator filed this mandamus action.

{¶ 10} 3. At the time he filed this mandamus action, relator filed an affidavit of indigency; however, relator failed to attach thereto a copy of the amounts in his inmate account as certified by the institutional cashier for the six months preceding the date he filed this mandamus action.

Conclusions of Law:

{¶ 11} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 12} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 13} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 14} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

*Id.* at ¶ 5-7.

---

[1]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

{¶ 15} Likewise, in State ex rel. Ridenour v. Brunsman, 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

{¶ 16} In affirming the judgment of the appellate court, the Supreme Court stated:

> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."
>
> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 17} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss relator's complaint. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).