**[Cite as *State ex rel. Montelongo-Rangel v. Franklin Cty. Court of Common Pleas*, 2020-Ohio-6698.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Josue Montelongo-Rangel, | : | |
| Relator, | : | |
| v. | : | No. 20AP-205 |
| Franklin County Court of Common Pleas, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on December 15, 2020

**On brief:** *Josue Montelongo-Rangel,* pro se.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

DORRIAN, J.

{¶ 1} Relator, Josue Montelongo-Rangel, has filed this original action requesting this court issue a writ of mandamus ordering the Franklin County Court of Common Pleas to rule on a motion relator filed regarding his underlying criminal case.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision on April 14, 2020 including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court dismiss relator's complaint for a writ of mandamus.

{¶ 3} The magistrate recommends dismissing the action because relator failed to comply with R.C. 2969.25(C), which states: "If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with

the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency." The inmate must also attach "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." R.C. 2969.25(C)(1). Although relator filed an affidavit, the magistrate notes that he "failed to attach thereto a copy of the amounts in his inmate account as certified by the institutional cashier for each of the six months preceding the date he filed this filing of his mandamus action as certified by the institutional cashier." (Appended Mag.'s Decision at ¶ 11.) Because compliance with the statutory requirements is "mandatory" and relator "cannot cure this deficiency now or at a later date," the magistrate recommends dismissing the action. (Appended Mag.'s Decision at ¶ 18.)

{¶ 4} Relator has filed an objection to the magistrate's decision. In his objection, relator concedes that he "cannot cure this deficiency by attempting to comply with the statutory requirements after the fact" but argues the statute should not operate as "a shield to protect the blameworthy." (Relator's Obj. at 1.) Relator essentially argues that compliance with the statute should be selective, as a matter of judicial discretion, and not enforced in his particular case; he argues R.C. 2969.25(C) should "be applied in particular situations as fairness and justice require, and that it is not to be applied to rigidly as to defeat the ends of justice." (Relator's Obj. at 1.) Thus, he argues the trial court's "lack of action" in ruling on his motion should excuse his failure to meet the requirements of R.C. 2969.25(C). (Relator's Obj. at 1, citing Sup.R. 40.)

{¶ 5} Our independent review in this matter leads us to the same conclusion as that reached by the magistrate. In the affidavit he filed with the complaint, relator avers he is "without the necessary funds to pay the costs of this action" because he "only receive[s] eighteen dollars ($18) per month in State Pay, and [has] no other means or assets." (Apr. 8, 2020 Aff. of Indigence.) Yet, with the complaint he provided no "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier," as required by R.C. 2969.25(C)(1). Under governing precedent, this defect "warrant[s] dismissal of the complaint." *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, ¶ 5 (relator's "cashier statement did not set

forth the account balance for the month immediately preceding his mandamus complaint," as required by R.C. 2969.25(C)(1)).

{¶ 6} Relator did file, on April 27, 2020, 19 days after the complaint was filed on April 8, 2020, a cashier's statement. Attached to the statement is a document titled "certificate" which is signed; however, the signature is illegible. Also, there is no indication of the name and title of the person who signed the document. Nevertheless, Supreme Court of Ohio precedent does not permit relator to cure the deficiency by filing a cashier's statement after the filing of the complaint.[1] *See State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5 ("the failure to comply with the mandatory requirements of R.C. 2969.25 cannot be cured").

{¶ 7} Upon review of relator's objection and an independent review of the record, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore overrule the objection to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, although we decline the recommendation to order relator to pay costs. Accordingly, the requested writ of mandamus is hereby dismissed.

*Objection overruled;*
*action dismissed.*

SADLER, P.J., and NELSON, J., concur.

_____

---

[1] We note that even if relator had properly complied with the statute, on May 13, 2020, the trial court overruled the motion to vacate in Franklin C.P. No. 18CR-3061. His request for a writ of mandamus therefore would be moot. *See State ex rel. Cockroft v. McIntosh*, 10th Dist. No. 15AP-874, 2016-Ohio-4639, ¶ 34 (denying request for writ of procedendo and dismissing action as moot, as trial court had "performed the act which this court ordered respondent to perform and, in so doing, has already performed the act which relator seeks to compel by way of his procedendo action").

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Josue Montelongo Rangel, | : | |
| Relator, | : | |
| v. | : | No. 20AP-205 |
| Franklin County Court of Common Pleas, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 14, 2020

*Josue Montelongo Rangel,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

**{¶ 8}** Relator, Josue Montelongo Rangel, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, a judge of the Franklin County Court of Common Pleas, to rule on a motion relator filed in his underlying criminal case.

Findings of Fact:

**{¶ 9}** 1. Relator is an inmate currently incarcerated at Noble Correctional Institution.

{¶ 10} 2. Relator filed this mandamus action on April 8, 2020, asking this court to order respondent to rule on his October 2, 2019 motion to vacate.

{¶ 11} 3. At the time he filed this complaint, relator filed an affidavit of indigency; however, relator failed to attach thereto a copy of the amounts in his inmate account for each of the six months preceding the filing of his mandamus action as certified by the institutional cashier.

Conclusions of Law:

{¶ 12} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 13} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[2] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 14} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 15} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which

---

[2]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

> requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

*Id.* at ¶ 5-7.

{¶ 16} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

{¶ 17} In affirming the judgment of the appellate court, the Supreme Court stated:

> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."

> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 18} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss relator's complaint.  Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).